## CHARITY CLOUD v. WILLIAM LORE.

The lands of a defendant in a judgment cannot be seized and sold by the sheriff on a *fi. fa.*, even under a waiver by the defendant of the seizure and sale of his personal property and inquisition, without a writ of *venditioni exponas*, at least, for that purpose.

RULE to show cause why the sale of the lands of William Lore, the defendant, which had been sold by the sheriff on a writ of *fi. fa.* without an inquisition or a writ of *venditioni exponas*, should not be set aside. The rule was granted on the application of William C. Eliason, a judgment creditor of the defendant. The following waiver signed and sealed by the defendant in the *fi. fa.* was indorsed upon the back of it : " I, William Lore, the defendant named in the within writ of *fieri facias*, hereby waive the seizure and sale of my personal property under this writ, and do expressly consent that the sheriff of New Castle County shall levy upon my real estate and proceed without inquisition to sell the same in satisfaction of the within writ." Dated October 26th, 1876.

*G. B. Rodney*, for the plaintiff in the rule.

*Lore*, for the defendant in the rule, cited *Springer's Admx.* v. *Johnson et al.*, 3 *Harr.* 515.

*The Court* made the rule absolute, and set aside the sale because the land could not be sold on the *fi. fa.* under the waiver even without a writ of *venditioni exponas*, at least, for that purpose.